# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00260-SCT

*MARTHA RIALS, AS THE NATURAL MOTHER OF PAMELA BONDS AND THE MATERNAL GRANDMOTHER OF ANGEL BONDS AND IN BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES*

*v.*

*DANNY L. DUCKWORTH, ROCHEA D. JOHNSON, SR., SANDERSON FARMS, INC. AND STEVEN B. WILLIS*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/18/2000 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT FRED LINGOLD, JR. |
| | DAVID RINGER |
| ATTORNEYS FOR APPELLEES: | THOMAS W. TYNER |
| | CHRISTOPHER OWEN MASSENBURG |
| | DAPHNE M. LANCASTER |
| | RICHARD O. BURSON |
| | RICHARD A. FOLLIS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 07/18/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/8/2002 |

**BEFORE McRAE, P.J., WALLER AND GRAVES, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1. Martha Rials ("Rials") commenced this wrongful death action to recover damages resulting from the deaths of her daughter and her granddaughter in a multiple-vehicle accident. Rials filed suit against several defendants. Defendant Bryan Maggio settled with Rials prior to trial. After a three-day jury trial, the jury returned a verdict in favor of the remaining defendants. The verdict form indicated that the jury found defendant Maggio 100 percent responsible for the accident. Judgment was entered accordingly. Rials filed a motion for judgment notwithstanding the verdict or in the alternative a new trial. This motion was denied.

Rials timely perfected the instant appeal.

## FACTS

¶2. Around 5:00 p.m. on Wednesday, November 25, 1998, Pamela Bonds and her daughter, Angel, were involved in an automobile accident, which took their lives. Pamela was driving her car east on Highway 28, at the time of the accident. Danny L. Duckworth ("Duckworth"), who was operating a gravel dump truck owned by Rochea D. Johnson, Sr. ("Johnson"), was also traveling east behind Pamela's car on that day. Alonzo McCullum ("McCullum") was driving west on the same highway at the time of the accident. McCullum was followed by Steven B. Willis ("Willis") in a Sanderson Farms, Inc. ("Sanderson Farms") truck. Bryan Maggio ("Maggio") was driving his flatbed eighteen-wheeler behind Willis. John Moss ("Moss") followed Maggio in his vehicle.

¶3. While traveling on Highway 28, McCullum dropped a lit cigar in his lap and pulled his car to the shoulder of the road to find the cigar. To avoid McCullum's car, Willis slowed down by applying his brakes. Maggio applied his brakes, but realizing that he could not stop in time, pulled his rig into the opposite lane of traffic in an attempt to pass Willis without first checking to see if there was any oncoming traffic. Once in the eastbound lane, Maggio saw Pamela's car traveling towards him and attempted to run his rig off the road; however, there was not enough time, and Maggio's eighteen wheeler smashed into Pamela's car, spinning the car 270 degrees and sending it flying approximately twenty-five (25) feet backwards and into the opposite lane of traffic.

¶4. After witnessing Maggio abruptly swerve into the eastbound lane, Duckworth applied his brakes, geared down and attempted to get into the other lane. However, Maggio's rig crashed into Pamela's car and deflected it into the opposite lane of traffic, where Duckworth was now traveling. Unable to bring his large, gravel-filled dump truck to a complete stop, Duckworth ran into Pamela's vehicle.

## DISCUSSION

### I.

### JURY INSTRUCTIONS D-8 AND D-10

¶5. Rials argues that the trial court failed to properly instruct the jury regarding the law of contributory negligence. Specifically, Rials suggests that by granting instructions D-8 and D-10, the trial court indicated to the jury that any negligence by Maggio was the "sole proximate cause of the accident" as opposed to a contributing cause.

¶6. Instruction D-8 provides as follows:

> The Court instructs the jury that the operator of a motor vehicle has a duty to keep the vehicle under proper control and to drive at a speed that is reasonable and prudent under existing circumstances.

> Therefore, if you find from a preponderance of the evidence that:

> 1. Bryan Maggio was not driving at a reasonable rate of speed in view of the conditions existing on November 25, 1998, and/or did not maintain proper control of his vehicle under the circumstances as they existed on November 25, 1998, and

2. That such failure by Bryan Maggio was the sole proximate cause of the accident of November 25, 1998, then your verdict shall be for the Defendants in this cause.

¶7. Instruction D-10 provides that:

The Court instructs the jury that violations of traffic laws in safety statutes may constitute negligence as a matter of law. Therefore if you find from a preponderance of the evidence that:

1. Bryan Maggio, while operating his motor vehicle on November 25, 1998, failed to comply with the rules of the road by attempting to pass or overtake the vehicle [sic] a vehicle when he did not have clear visibility of the left lane ahead and when said left lane was not free of oncoming traffic for a sufficient distance, and

2. That said failure on the part of Bryan Maggio to comply with this traffic regulation was the sole proximate cause of the accident of November 25, 1998, then your verdict shall be for the Defendants in this cause.

¶8. Rials claims that these two instructions "are confusing" and "they fail to instruct the jury that they are entitled to find that the negligent acts of Maggio, if any, may have been a contributing or concurring proximate cause of the deaths of Mrs. Bond and her daughter... along with any negligent acts of Willis and Duckworth...."

¶9. Duckworth and Johnson argue that instructions D-8 and D-10 properly reflect the applicable law. They further argue that the two instructions, when read in conjunction with the other instructions, fairly and adequately instructed the jury on every theory of negligence applicable to the case. Duckworth and Johnson specifically note that both D-8 and D-10 instruct the jurors that **if** the jury found Maggio was negligent **and** that Maggio's negligence was the **sole proximate cause** of the accident, then their verdict must be for the [remaining] defendants.

¶10. Sanderson Farms and Willis argue that instructions D-8 and D-10 were clear, unambiguous instructions that accurately stated the law while presenting the defendants' theory of the defense. They also join Duckworth and Johnson's argument that the jury instructions as a whole properly instructed the jury.

¶11. On appeal, individual jury instructions should not be considered in isolation, but should be considered as a whole. *See, e.g., **Reese v. Summers***, 792 So.2d 992, 994 (Miss. 2001) (citing ***Fielder v. Magnolia Beverage Co.,*** 757 So.2d 925, 929 (Miss. 1999)). *See also **Peoples' Bank & Trust Co. v. Cermack***, 658 So.2d 1352, 1356 (Miss. 1995) ("On appeal, this Court does not review jury instructions in isolation, rather, they are read as a whole to determine if the jury was properly instructed.").

¶12. In the case sub judice, instructions D-8 and D-10 are not confusing when read in isolation, let alone when read collectively. Both instructions clearly and properly instruct the jury. This is bolstered by the jury verdict form which plainly indicates that the jury determined that defendant Maggio was 100 percent responsible for the accident. Accordingly, this claim is without merit.

## II.

## EXCLUSION OF THE ENTIRE POLICE REPORT

¶13. Rials next argues that it was an abuse of discretion for the trial court to refuse to admit the entire police report into evidence. Rials's own expert, Al Gonzales, was questioned by the defense regarding the police report. During that cross-examination, defense counsel quoted or had Gonzales quote extensively, to the jury, portions of witness statements contained in the police report. Rials objected to the defendants' referring to the statements contained in the police report, but that objection was overruled. Rials then moved to have the police report admitted in its entirety. The trial court denied the motion.

¶14. Rials claims that it was prejudicial to allow the defendants to introduce into evidence only those portions of the police report which support their theory of the case. Rials further claims that admission of the entire report was necessary to present a fair and complete picture to the jury.

¶15. In response, Duckworth and Johnson point out that defense counsel only referred to the report during the cross-examination of Gonzales. They further respond, "[A]t no time did defense counsel attempt to introduce any portion of the police report into evidence." As such, defendants Duckworth and Johnson claim that the trial court properly executed its sound discretion in excluding the report.

¶16. Sanderson Farms and Willis counter that Rials did not offer testimony or evidence sufficient to warrant admission of the police report in its entirety. They claim that the trial court properly refused to admit the report after appropriately applying evidentiary law to the issue of admission of the police report in its entirety.

¶17. The standard of review regarding the admissibility of evidence at trial is well established. The relevancy and admissibility of evidence is largely within the discretion of the trial court, and reversal may be had only where that discretion has been abused. *Weaver v. State,* 713 So.2d 860, 865 (Miss. 1997); *Washington v. State*, 726 So.2d 209, 215 (Miss. Ct. App. 1998). Miss. R. Evid. 106 provides that:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Miss. R. Evid. 106. The comment to the Rule calls this a "codification of the common law doctrine of completeness. . . ." Miss. R. Evid. 106 cmt.

¶18. This Court has held, however, that Rule 106 does not permit the introduction of an entire document when a witness was, as here, only cross-examined by reading from a writing and no part of that document was introduced into evidence. *See, e.g., Lester v. State,* 692 So.2d 755, 786 (Miss. 1997), *overruled on other grounds, Weatherspoon v. State,* 732 So. 2d 158 (Miss. 1999).

¶19. Furthermore, while portions of the police report may be admissible under Miss. R. Evid. 803(6), other portions may not be admissible. In this instance, the trial court correctly determined that portions of the police report were admissible, yet the report also contained statements which amounted to hearsay. Therefore, it was proper for the trial court, exercising its discretion, to exclude the report. Because Rials failed to carry her burden of proving that the trial court abused its discretion, this claim is without merit.

### III.

### DEFENSE COUNSEL'S CLOSING ARGUMENT

¶20. Rials posits that the trial court's failure to sustain her objection to the defendant's use of the "Golden Rule" argument during closing arguments and failure to instruct the jury to ignore the "Golden Rule" argument constitutes reversible error. "By imploring the jury to "[p]ut yourself in [Duckworth's] situation," the defendant urged the jury to ignore their duty to remain impartial.

¶21. Duckworth and Johnson, as well as Sanderson Farms and Willis, rebut this argument, all pointing to the fact that Rials failed to seek a ruling on her objection and failed to request any corrective action or curative instruction from the trial court.

¶22. It is well settled that to preserve an objection to alleged improper remarks by counsel during closing argument, the complaining party must not only make a contemporaneous and specific objection to the remarks, but must also obtain a definitive ruling from the trial court on his objection and must request corrective action. *See* **Floyd v. City of Crystal Spring**, 749 So.2d 110, 120 (Miss. 1999) (citing **Cole v. State**, 525 So.2d 365, 369 (Miss. 1987)). This Court has held that a defendant waives his objection "where an objection [is] made and a definitive ruling [is] not obtained nor any corrective action requested." **Walters v. State**, 720 So.2d 856, 864 (Miss. 1998). *See also* **Floyd**, 749 So.2d at 120 (holding that it is the duty of the objecting party to obtain a ruling from the trial court on objections, and that if the record includes no ruling by the trial court, the objections are waived for purposed of appeal).

¶23. In the present case, counsel for Duckworth and Johnson commented during closing argument as follows:

> One, two, three. One, two, three. He is now over two hundred feet down the road. He's driving down the highway, and your are going to say he's guilty of negligence. Put yourself in his situation. That's what the Court tells you the law of negligence is.
>
> MR. RINGER [attorney for Rials]: We object to the argument being made.
>
> MR. TYNER [attorney for Duckworth & Johnson] : I'm sorry.
>
> The law says negligence is a reasonable man standard. You are reasonable people. You judge when someone is negligent based on what you know, what you have learned in your life experience. Okay.

At no time during the remainder of counsel's closing argument did Rials seek a ruling on her objection, nor did she request a mistrial or a curative instruction from the trial court. Therefore, Rials waived the issue for appeal, and this claim is also without merit.

**IV.**

**WEIGHT OF THE EVIDENCE**

¶24. Lastly, Rials contends that reversal is necessary because the jury verdict is against the overwhelming weight of the evidence. Specifically, Rials claims that Duckworth's negligence was established by his own testimony and by the testimony of the accident reconstructionist.

¶25. Rials draws attention to Duckworth's testimony wherein he testified that he was following 166 feet behind Pamela's car at 45 or 50 miles per hour. According to the opinion and testimony of Rials's accident reconstructionist, "had Duckworth been following the Bonds' car at the speed and distance he claimed, the

Duckworth truck would have been completely stopped when it reached the Bonds' car, or going at such a reduced speed that there would not have been as much damage."

¶26. Duckworth and Johnson counter that the physical evidence and testimony support the jury's verdict. They argue that Rials had the burden of proving by a preponderance of the evidence that Duckworth failed to act as a reasonable person immediately prior to and/or at the time of the accident. Duckworth and Johnson maintain that Gonzales had to ignore or disagree with the testimony and statements of Maggio, Moss, Willis and Duckworth in order to arrive at his conclusions. Further, they claim that the jury simply did not believe Gonzales's theory of the case.

¶27. Once the jury has returned a verdict in a civil case, the reviewing court is not at liberty to direct that judgment be entered contrary to that verdict short of a conclusion that given the evidence as a whole, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could have found as the jury found. ***Starcher v. Byrne***, 687 So.2d 737, 739 (Miss. 1997). The weight and credibility of witnesses, primarily experts, is for the jury. ***BFGoodrich, Inc. v. Taylor,*** 509 So.2d 895, 903 (Miss. 1987).

¶28. Here, the jury was free to accept or reject any part of Gonzales's testimony. Apparently, the jury chose to reject it. Furthermore, as previously pointed out, the jury verdict form indicates that the jury determined that defendant Maggio was 100 percent responsible for the accident. As such, the verdict was not against the overwhelming weight of the evidence. Thus, this claim is without merit.

## CONCLUSION

¶29. For these reasons, all of Rials's claims lack merit. Accordingly, the judgment of the trial court is affirmed in all respects.

¶30. **AFFIRMED.**

> **PITTMAN, C.J., McRAE AND SMITH , P.JJ., WALLER, COBB, DIAZ, EASLEY AND CARLSON, JJ., CONCUR. SMITH, P.J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, COBB, EASLEY AND CARLSON, JJ.**

> **SMITH, PRESIDING JUSTICE, CONCURRING:**

¶31. While I concur with majority, I write separately to explain further why I believe the trial court did not err in granting Instructions D-8 and D-10.

¶32. Plaintiffs' Instructions P-1and P-7 instructed the jury on the plaintiff theory of the case. Thus, taking the instructions as a whole, there was no error in giving Instructions D-8 and D-10. Instruction P-1 stated:

> The Court instructs the jury that the operator of a motor vehicle has a duty to keep the vehicle under proper control and to drive at a speed that is reasonable and prudent under existing circumstances. The Court also instructs the jury that under Mississippi law, the operator of a motor vehicle shall not follow behind another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles, the traffic on the roadway, and the condition of the roadway.

> Therefore, if you find from a preponderance of the credible evidence that impact(s) of the vehicle driven by Danny Duckworth were a ***proximate contributing cause*** of the injury and death of

Pamela Bonds and Angel Bonds AND that Danny Duckworth

1) was not driving at a reasonable rate of speed in view of the conditions existing on November 25, 1998, and/or did not maintain proper control of his vehicle under the circumstances as they existed on November 25, 1998, and/or;

2) was following to [sic] closely behind the vehicle being driven by Pamela Bonds, and/or;

3) saw the accident between Bryan Maggio's vehicle and Pamela Bond's vehicle occurring and could have avoided impacting the vehicle driven by Pamela Bond's, but failed to do so,

then you must find for the Plaintiff.

(emphasis added). Instruction P-7 stated:

The Court instructs the jury that violations of traffic laws in safety statutes may constitute negligence as a matter of law. Therefore, if you find from a preponderance of the credible evidence in this case that:

1) Steven Willis, while operating his motor vehicle on November 25, 1998, failed by suddenly decreasing the speed of his vehicle without first giving notice by way of hand and arm signal, signal lamp or other signal device, when there was opportunity to give such a signal, then such failure, if any, was negligence; and

2) that said failure on the part of Steven Willis to comply with this traffic regulation, if any, was a **contributing proximate cause** of the injuries and death of Pamela Bonds and Angel Bonds, then your verdict shall be for the Plaintiff in this cause.

(emphasis added). Instruction P-10 stated, in part:

The Court instructs the jury that if you find from a preponderance of the evidence in this case that plaintiffs have sustained actual damage as a proximate result of the negligence of Alonzo McCollum, Bryan Maggio, Steven Willis, Sanderson Farms, Inc. **and/or** Danny Duckworth, Rochea Johnson, then the plaintiffs are entitled to a verdict in an amount which will reasonably compensate the plaintiffs for their loss sustained...

(emphasis added). I agree with defendants' argument that these instructions offered by plaintiffs combined with D-8 and D-10, and the verdict form allowing for percentages of fault fully alerted the jury that it could apportion fault among the defendants. The lack of a specific contributory negligence instruction lies with the failure of plaintiffs to submit one. Further, Instruction D-16 stated, in part, that:

The Court instructs the jury that **there can be more that [sic] one cause of an accident or injury. If an individual is negligent, and his/her negligence is then combined with the negligence of another (or any other independent, intervening cause), then he/she is liable for said injury, even though his/her negligent act is not the sole proximate cause of the injury and even though his/her negligence, without the addition of another's negligence, would not have alone produced the injury**

Thus, if you find from a preponderance of the evidence that:

1. Bryan Maggio was negligent in the operation of his vehicle on November 25, 1998, and

2. that Alonzo McCollum was negligent in the operation of his vehicle on November 25, 1998, and

3. that the negligence of Bryan Maggio combined with the negligence of Alonzo McCollum, was the *sole proximate cause* of the accident of November 25, 1998, then your verdict shall be for the Defendants in this cause.

(emphasis added). While this instruction only mentions the two defendants who settled prior to trial, the jury is still instructed that more than one defendant may be liable for a single injury.

¶33. Thus, I agree with the majority that no reversible error occurred below in instructing the jury.

**WALLER, COBB, EASLEY AND CARLSON, JJ., JOIN THIS OPINION.**