815 So.2d 485 (2002)
Curtis S. SAVAGE and Monti B. Savage, Appellants,
v.
David M. LaGRANGE and Douglas Gref, Appellees.
No. 2000-CA-00146-COA.
Court of Appeals of Mississippi.
April 30, 2002.
*488 Nick B. Roberts, Jr., Richard J. Smith, Gulfport, attorneys for appellants.
Carter O. Bise, Gulfport, attorney for appellees.
EN BANC.

ON MOTION FOR REHEARING
McMILLIN, C.J., for the court.
¶ 1. The motion for rehearing is denied. The original opinion of this Court is withdrawn and the following opinion is substituted therefor.
¶ 2. This case is before the Court on appeal from a judgment for actual and punitive damages rendered in a bench trial in Harrison County Circuit Court.

I.

Factual Background
¶ 3. Douglas Gref and David LaGrange brought suit against Monti B. Savage and his father, Curtis S. Savage, for personal injuries and property damage arising out of a motor vehicle accident in Harrison County. Gref and LaGrange were occupants of a vehicle that was struck by another vehicle driven by Monti Savage. The evidence showed that Savage was, in all likelihood, intoxicated at the time of the accident. Besides the first impact, Savage was said to have inflicted additional injuries on Gref when Gref attempted to remove the ignition keys from Savage's vehicle but, instead, was thrown to the pavement when Savage purposely drove away in an attempt to flee the area.
¶ 4. Gref and LaGrange sought to make Monti Savage's father, Curtis Savage, jointly liable for their damages on the theory of negligent entrustment. The vehicle driven by Monti Savage was, at the time of the accident, titled in Curtis Savage's name and its purchase was financed by a loan in the father's name. In addition *489 to this proof, Gref and LaGrange presented evidence that Monti Savage had a history of hospitalizations for substance abuse, had a number of prior convictions for alcohol-related driving offenses, and that his driver's license was suspended at the time of the accident.
¶ 5. Based on this evidence, the trial court concluded that Monti Savage was negligent in causing the accident. The court further concluded that his actions, in view of his prior history, constituted gross negligence within the meaning of Section 11-1-65 of the Mississippi Code, thereby establishing the propriety of assessing punitive as well as actual damages against him. See Miss.Code Ann. § 11-1-65 (Rev. 1991). Additionally, the court held that the actions of Curtis Savage, in facilitating Monti Savage's ability to procure and operate a motor vehicle with knowledge of his condition, met the test for negligent entrustment. For essentially the same reasons that Monti Savage's behavior was deemed grossly negligent, the court concluded that Curtis Savage's actions that made Monti Savage's conduct possible, were sufficiently egregious to warrant the imposition of punitive damages. The court awarded judgment in favor of LaGrange in the amount of $25,000 actual and $25,000 punitive damages. The actual damages amounted to $20,000 for LaGrange's personal injuries and $5,000 for damage to his vehicle. Gref was awarded $8,000 in damages for his personal injuries and $25,000 in punitive damages. The judgments in favor of both these plaintiffs were ordered to be the joint and several obligations of both Monti Savage and Curtis Savage.
¶ 6. Both Savages have appealed the judgments entered against them. Both contend that the court erred in assessing punitive damages. They both also contend that the actual damages awarded were excessive and not supported by competent evidence. Curtis Savage also raises a third issue in which he contends that the evidence was insufficient to establish his liability under the theory of negligent entrustment.
¶ 7. Finding no error in the assessment of liability or in the court's decision to assess punitive damages, we nevertheless find that the actual damages awarded for personal injuries were excessive. We, therefore, affirm the property damage award, but reverse and remand for a new trial on personal damages concluding that a suitable amount of punitive damages depends, to some degree, on the extent of actual damages, we also reverse and remand for further appropriate proceedings to assess punitive damages.

II.

Punitive Damages
¶ 8. The Mississippi Legislature has, by legislative enactment, placed certain preconditions on the award of punitive damages. There must be, first of all, a determination that the party seeking to impose such damages has shown that the defendant acted "with actual malice, [or] gross negligence which evidences a willful, wanton or reckless disregard for the safety of others." Miss.Code Ann. § 11-1-65(1)(a) (Rev.1991). This Court harbors little doubt that the act of operating a motor vehicle on a public street while under the influence of intoxicants to the extent that the operator's physical abilities are substantially impaired demonstrates clearly and convincingly the kind of gross negligence contemplated in the statute. See Planters Wholesale Grocery v. Kincade, 210 Miss. 712, 723, 50 So.2d 578, 584 (1951). Thus, we affirm the trial court's determination that punitive damages against Monti Savage were appropriate.
*490 ¶ 9. By the same token, we are satisfied that one who knowingly facilitates another person's ability to engage in such reckless behavior by entrusting to that person the instrumentality that causes the damage under circumstances where the actor's propensities are or should be understood has likewise shown a reckless disregard for the safety of others. This conclusion is, of course, reached in advance of the separate issue raised by Curtis Savage that a case of negligent entrustment, no matter the magnitude of the alleged negligence, was not made out by the evidence. That matter remains to be resolved subsequently in this opinion. At this time we only dispose of the issue of whether, if the determination of negligent entrustment against Curtis Savage is affirmed, there is at least the legal possibility that it can support an assessment of punitive damages. We hold that it can.

III.

The Assessment of Actual Damages

A.

Property Damage
¶ 10. As to the property damage claim, the trial court heard only evidence from LaGrange, who was the owner of the vehicle damaged in the accident. He offered his opinion that the vehicle had a fair value of $6,500 in its pre-accident condition. He further testified that, after the accident, he performed some repairs on the vehicle himself and then sold it for $1,500. The circuit judge concluded that this evidence was sufficient to support a property damage award to LaGrange of $5,000. We do not find that to be reversible error. Mississippi case law has recognized that a person is competent to offer an opinion as to the fair value of his own property. Thomas v. Global Boat Builders & Repairmen, Inc., 482 So.2d 1112, 1116 (Miss.1986). In this case, there was also some evidence that LaGrange actually engaged in the business of repairing and selling wrecked vehicles, and that the vehicle he was driving at the time of the accident was one such vehicle. This experience would seem to enhance the probative value of his testimony, so long as the circuit judge found LaGrange to be a credible witness, since the court, when sitting as the finder of fact is charged with determining the issue of witness credibility. Eakes v. State, 665 So.2d 852, 872 (Miss. 1995). The trial court, in this case, evidently found LaGrange to be credible in giving his opinion as to the value of his vehicle before the accident, and we can find no basis to disturb that determination on appeal.
¶ 11. One proper measure of compensation for damage to personalty is the difference between its fair value before and after the damage. Scott v. Transport Indem. Co., 513 So.2d 889, 894 (Miss.1987). There was no evidence that the post-accident sale of the vehicle was anything other than an arms-length transaction, and we conclude that this would be probative as to the value of the vehicle in its damaged condition. In fact, it would appear that the defendants may have received some advantage from the fact that LaGrange performed some repairs to the vehicle before disposing of it by sale, yet there was no effort made to take the value of these repairs into account in determining the value of the vehicle after the accident. Having found that the circuit court had before it competent evidence as to the value of the vehicle both before and after the accident, we conclude that the evidence was sufficient to uphold a damage award to LaGrange of $5,000 on his claim for property damage.

*491 B.

Personal Injury Damages
¶ 12. Neither plaintiff presented any medical evidence other than a series of medical bills that they both reported to be related to injuries received in the accident. David LaGrange testified only that he had his head turned at the moment of impact and that, "on impact, my neck went over the seat." He did not seek medical treatment until several days after the accident. No diagnosis of any injury to his neck by any medical provider was presented. LaGrange further sought to connect a subsequent back surgery to the accident, but the trial court properly found that the plaintiff had failed to present competent evidence in support of that assertion. There were a collection of medical bills offered at trial as evidence, but the trial court originally admitted them for identification only, reserving a ruling on their admissibility. After the trial concluded, the court's memorandum opinion concluded that LaGrange was "entitled to offer his medical expenses under the provisions of MCA Sec. 41-9-119 (1972)," but also concluded that any bills related to LaGrange's back surgery would not be considered. The court made no differentiation between those bills it was admitting for consideration and those that were to be excluded and it is impossible on the face of the bills in the file to make an informed distinction.
¶ 13. The bulk of his medical bills were from a Dr. Kewalramani, and, on cross-examination, LaGrange conceded that this doctor had told him that there was nothing wrong with him. LaGrange claimed to be self employed but provided no helpful evidence from which a calculation of lost earnings might be computed. LaGrange did not even testify with any particular clarity as to any symptoms of persistent pain that he attributed to the accident.
¶ 14. LaGrange's total damage award was $25,000. When the property damage award of $5,000 is taken into account, that amounts to a personal injury award of $20,000. The burden is, of course, on the plaintiff to prove, not only the fact of his injury, but the extent of the injury in order to support an award of monetary damages. Index Drilling Co. v. Williams, 242 Miss. 775, 790-91, 137 So.2d 525, 531 (1962). In view of the almost complete lack of evidence of the nature or extent of LaGrange's alleged injuries and the absence of any indication LaGrange suffered from any lingering pain or even inconvenience arising out of the accident, we find the award of $20,000 to be excessive.
¶ 15. Douglas Gref's award of actual damages for his personal injuries set by the trial court was $8,000. Like LaGrange, Gref presented no medical evidence establishing the nature or extent of any injuries. Gref did not testify to receiving any injuries in the initial impact. The evidence showed, however, that he was subsequently thrown to the ground when Monti Savage drove away while Gref was attempting to remove the keys from Savage's ignition. As to that incident, Gref reported that he received "just scrapes and cuts" and that he "had pulled a muscle in [his] lower back." Gref received no medical treatment at the time of the accident. He presented bills for medical services totaling $751.25, but offered no proof as to exactly what kind of treatment he received that gave rise to those charges or what the course of treatment was. He claimed to have missed three weeks' work after the accident, but did not present any documentary evidence showing the fact of his employment or what his anticipated income would have been during that three week period. The trial court awarded Gref $8,000 in damages for his personal *492 injuries. Based on the paucity of evidence concerning the nature and extent of his injuries or the economic impact of those injuries on Gref's ability to be gainfully employed, we find the evidence insufficient to support a personal injury award of $8,000.
¶ 16. For the foregoing reasons, we affirm the trial court's decision to award both actual and punitive damages in some amount against Monti Savage, and we affirm the award of $5,000 in property damages awarded to LaGrange. However, we find it necessary to reverse the judgment insofar as it assessed any amounts against Monti Savage for the personal injuries of these plaintiffs.

IV.

Negligent Entrustment
¶ 17. In a separate issue that relates solely to Curtis Savage, it is contended that LaGrange and Gref failed as a matter of law to make out a case of liability under the theory of negligent entrustment. The evidence showed that the vehicle driven by Monti Savage was, at the time of the accident, titled in the name of Curtis Savage and had been financed by a loan taken out in the elder Savage's name. Curtis Savage testified that this arrangement had been undertaken purely as an accommodation to his son to permit him to purchase a vehicle since his son's credit history was so poor that he could not obtain financing for a vehicle. Curtis Savage testified that the car was always in the exclusive control of his son and that he did not have any right of possession or control over the vehicle. Curtis Savage further testified that he was unaware of his adult son's prior driving offense record and, though he was aware of the hospitalizations for substance abuse, he was uncertain whether those incidents were related to alcohol consumption.
¶ 18. Mississippi recognizes that tort liability may arise under the theory of negligent entrustment against one who makes a dangerous instrumentality available to another person under circumstances that create an unreasonable risk of injury to third persons and such injury, in fact, occurs. The Mississippi Supreme Court, in defining the circumstances under which such liability will be imposed, has subscribed to the negligent entrustment definition set out in the Restatement of Torts, Second. Sligh v. First Nat'l Bank of Holmes County, 735 So.2d 963, 969(¶ 32) (Miss.1999). The Restatement defines negligent entrustment in these terms:
One who supplies directly or through a third person a chattel for use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.
Restatement (Second) of Torts § 390 (1965).
¶ 19. Case law in Mississippi has further indicated that the most critical consideration in a claim for negligent entrustment is the issue of right of control. Sligh, 735 So.2d at 969(¶ 33). Based on Curtis Savage's arguments before this Court, we must examine the question of negligent entrustment from two aspects. At the threshold, we must determine whether the arrangement regarding the vehicle driven by Monti Savage was such that Curtis Savage could be said to have the right of control over that vehicle. The trial court, relying principally on the fact that Curtis Savage held legal title to the vehicle and relying further on the court's *493 skeptical view of the explanation for the arrangement, concluded that Curtis Savage had sufficient ownership interest in the vehicle to be deemed in control and that his decision to permit his son to enjoy possession was an act of entrustment.
¶ 20. Certainly, in the normal circumstance, proof of legal ownership of personalty would carry with it a presumption of the right of possession. Monti Savage's ownership rights, in a contest for possession against his father, would necessarily be equitable in origin and would have to be established through a proceeding to establish that Curtis Savage was holding the bare legal title in a resulting trust. Allgood v. Allgood, 473 So.2d 416, 421 (Miss.1985). One seeking to establish an equitable title to defeat the state of the legal title to the property would seem to have the burden of proof. The fact situation is not the same in this case since the dispute is not between the legal and alleged equitable owner of the vehicle. Instead, it is a situation where the legal owner is willing to confess that true ownership lies with another. However, in view of the presumption of right of possession and control that arises by evidence that Curtis Savage held legal title to the automobile, it would appear that he had, at the very least, the burden of persuasion to convince the trier of fact that the actual situation was otherwise. When the trial court sits as trier of fact, its findings are entitled to deference on appeal. Sweet Home Water and Sewer Ass'n v. Lexington Estates, Ltd., 613 So.2d 864, 872 (Miss. 1993). It may be conceded that the record contains some evidence that would tend to suggest that Curtis Savage did not enjoy a right of possession or control over the vehicle of sufficient force to uphold a finding that he had affirmatively exercised that power to entrust the operation of the vehicle to Monti Savage. However, the trial court, hearing the evidence first hand and viewing the demeanor of the witnesses, remained convinced that Curtis Savage's interest in the vehicle was greater than that of a mere straw man holding the bare legal title as an accommodation for the true owner. Because of the deference we must, by law, afford the findings of the trial court in such matters, we do not find the evidence to the contrary so compelling as to convince us that this determination was against the great weight of the credible evidence.
¶ 21. Having made such a determination, we are left with the second vigorously-contested element of a negligent entrustment action, i.e., Curtis Savage's assertion that he was not familiar enough with his adult son's driving record, history of alcohol use, and prior hospitalizations for substance abuse to be fairly charged with knowledge that to entrust an automobile to his son created an unreasonable risk to others lawfully upon the public roads of the State. The evidence shows that Monti Savage had been employed by his father for a considerable length of time and that the two were, as a result, in almost daily contact. The circuit judge found Curtis Savage's denials of knowledge of his son's problems to be not worthy of belief. We conclude that evidence of the prolonged close contact between the two arising out of their work relationship, together with Curtis Savage's acknowledgment that he was aware to some extent of the fact of his son's prior hospitalizations, and the recognition of the naturally close familial relationship between a father and son, is enough to support a finding that Curtis Savage knew, or should have known, that his son's history was such that to permit him to operate a vehicle on the public ways constituted an unreasonable hazard to other people using those same roads.
*494 ¶ 22. Based on these conclusions and being mindful of the deference this Court must afford the trial court when that court sits as fact-finder, we do not think that the trial court's decision to find Curtis Savage liable to the plaintiffs under a theory of negligent entrustment was so contrary to the weight of the evidence as to require this Court to intercede.

V.

Punitive Damages
¶ 23. Because we have, to a significant degree, set aside the awards of actual damages as to both plaintiffs for redetermination on remand, and because the amount of actual damage inflicted may, to a degree, constitute a proper element for consideration in assessing, not necessarily the right to, but certainly the amount of punitive damages (see, e.g., Mutual Life Ins. Co. of New York v. Estate of Wesson by Hall, 517 So.2d 521, 532-33 (Miss.1987)), we conclude that it is necessary to reverse as to the amount of the awards of punitive damages in favor of both appellees and remand that aspect of the judgment for reassessment of a proper amount of such damages based upon such additional relevant evidence as all parties may submit at the required trial relating solely to the subject of damages.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED AS TO THE APPELLANTS' LIABILITY FOR ACTUAL AND PUNITIVE DAMAGES IN FAVOR OF BOTH APPELLEES AND IT IS AFFIRMED INSOFAR AS IT AWARDS $5,000 IN PROPERTY DAMAGE TO THE APPELLEE, DAVID M. LAGRANGE. THE JUDGMENT DETERMINING THE AMOUNT OF THE DAMAGES FOR PERSONAL INJURIES OF BOTH APPELLEES AND THE AMOUNT ASSESSED AS PUNITIVE DAMAGES IS REVERSED AND REMANDED FOR A NEW TRIAL ON THE ISSUE OF THE AMOUNT OF SUCH DAMAGES. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE HALF TO THE APPELLANTS AND ONE HALF TO THE APPELLEES.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.