THOMAS, J.,
for the Court.
¶ 1. Gilda and Joseph Davis, acting pro se, appeal the decision of the Harrison County Circuit Court, sitting as an appellate court, which affirmed the grant of summary judgment to Jimmie Dale Ziegler and dismissal of Mary Patricia Seymour, defendants in a civil suit filed by the Davises. The suit stemmed from an automobile accident in 1996. On appeal, the Davises argue a number of points dealing with the factual circumstances of the 1996 accident which are unrelated to the order they are appealing. There is a sufficient record, however, for us to determine the validity of the lower court’s order and we find the judgment of the circuit court was correct and affirm that decision.
FACTS
¶ 2. In September 1996, Gilda Davis and Mary Patricia Seymour were involved in a low-speed automobile accident in Biloxi. Seymour was then sixteen years old and was driving a vehicle owned by her grandfather, Jimmie Dale Ziegler. Ziegler had loaned Seymour the vehicle in order to attend softball practice, from which Seymour was returning at the time of the accident.
¶ 8. On July 1, 1999, the Davises filed a civil complaint in Harrison County Court seeking property and personal injury damages against Seymour, for negligent operation of the vehicle, and Ziegler, for negligent entrustment of the vehicle to Seymour. Personal service was made upon Ziegler and Seymour but no service was made upon Seymour’s parent as required by Rule 4(d)(2)(A) of the Mississippi Rules of Civil Procedure, which states that for unmarried minors over the age of twelve service of process must be made upon both the minor and the parent or guardian to be complete.
*1063 ¶ 4. Both Seymour and Ziegler answered the complaint immediately. Ziegler also filed a counter-complaint for property damages to his vehicle. Seymour’s answer included the defense of improper service of process as well as a motion to dismiss upon that basis. The motion to dismiss was brought on for hearing in July 2000, without perfection of service ever being made. The appellants, then represented by counsel, noted that Seymour and her mother were living with Ziegler at the time of the accident because Mr. and Mrs. Seymour were then in the process of divorcing. The Davises argued that Ziegler was acting in loco parentis to his granddaughter and the separate service made upon him was sufficient to meet the requirements of Rule 4(d)(2)(A). The Davises cited no authority for this proposition nor was any proof offered that Ziegler was a legal guardian to Seymour. The county court noted that Seymour and her mother were not living with Ziegler at the time process was attempted; the process server had to go to two separate addresses and the Davises had not satisfied the requirement of service upon the parent or guardian of a minor. The motion to dismiss Seymour was granted.
¶ 5. Three months later, Ziegler filed for summary judgment on the claim of negligent entrustment. At the hearing on the matter, Joseph Davis, now acting pro se, questioned both Seymour and Ziegler. The court found he offered no evidence to support the allegations of the complaint and summary judgment was granted. The Davises then sought appellate review in the Harrison County Circuit Court which issued an order affirming the county court’s decision to both dismiss Seymour and grant summary judgment to Ziegler. It is from this order the Davises now appeal to this Court.
ANALYSIS

1. Dismissal of Seymour

¶ 6. As noted above, the appellants address only questions dealing with Seymour’s negligence in the underlying motor vehicle accident, as well as intimating a conspiracy among public officials to protect Seymour from liability because her uncle was a county official at the time of the accident. The Davises make no argument in law or fact on the only question available for appeal, that is, whether or not Seymour’s dismissal from the suit was proper.
¶ 7. The ground for dismissal was that of failure to properly effect service of process upon a minor. As noted above, the Mississippi Rules of Civil Procedure require that, for unmarried minors over the age of twelve, process must be served upon both the minor and the parent. M.R.C.P. 4(d)(2)(A). The Davises did not make any attempt to serve Seymour’s mother, either at the time of service upon Seymour and Ziegler, nor after being noticed of the deficiency in Seymour’s answer and simultaneous motion to dismiss. The argument forwarded at the hearing on the matter, that Ziegler was acting in loco parentis and thus constituted a guardian, was unsupported by authority at the time, remains unaddressed by the appellants and no authority to support that theory was found by this Court in its own review of the law. We conclude that dismissal of Seymour was proper.

2. Summary judgment

¶ 8. The claim against Ziegler was based upon negligent entrustment of his vehicle to his granddaughter. The trial court granted his motion for summary judgment. We apply a de novo standard of review to the grant or denial of motions for summary judgment. Lewallen v. *1064 Slawson, 822 So.2d 286, 237(¶6) (Miss.2002).
¶ 9. Tort liability under the theory of negligent entrustment has been defined as follows:
One who supplies directly or through a third person a chattel for use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.
Savage v. LaGrange, 815 So.2d 485, 492 (¶ 18) (Miss.Ct.App.2002).
¶ 10. As the definition makes clear, negligent entrustment can only arise as a viable claim if Ziegler knew or should have known at the time he allowed Seymour to drive his vehicle that doing so involved an unreasonable risk of harm. The Davises proffered no evidence at the hearing on the motion for summary judgment to support the claim of negligent entrustment. Seymour was driving under a valid license and she did not have a history of prior accidents or moving violations. The Davises did not submit any evidence that would suggest in the least any physical impairment of either a transient or permanent nature which would make Seymour a hazardous driver.
¶ 11. Summary judgment shall be granted when the record fails to contain any genuine issue of material fact in controversy. Lewallen, 822 So.2d at 238. The Davises have long maintained that Seymour was responsible for the accident. No doubt this is a material fact in controversy to them. However, that was not the issue before the court on the motion for summary judgment. The issue upon which the Davises bore the burden of proof was whether or not there was some reason Ziegler should have suspected his granddaughter was an unfit driver. Even if the trial court was to presume that Seymour was an unfit driver, the Davises offered no evidence that Ziegler was or should have been aware of it. There was simply no basis upon which Ziegler could have reasonably concluded Seymour was an unreasonably risky driver to have on the road and therefore should not have allowed her to borrow his vehicle. Lacking any such evidence at all, Seymour cannot be found to have negligently entrusted his vehicle to Seymour. Summary judgment was proper under these circumstances.
¶ 12. On appeal, the Davises allege a number of flaws they feel support their contention that Ziegler was negligent in entrusting a vehicle to Seymour, such as allowing her to drive without corrective lenses and driving without a valid license, the latter being in direct contradiction of the finding made by the trial court from the bench during the summary judgment hearing. We make no finding as to whether these would support a claim of negligent entrustment for the Davises failed to raise any of these matters before the trial court. Having done so, they are not properly before us on appeal. Moreover, no supporting evidence for these allegations has been presented to any court, including this one.
¶ 13. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.