RANDOLPH, Presiding Justice, Court:
for the
¶ 1. Kelly Garvin was injured when the car in which she was a passenger collided with two horses. Garvin filed suit against the driver, Alexandria Miller, for negligence, and Miller’s mother and stepfather, Melanie and V.M. Cleveland, and Tupelo Furniture Market, Inc. (TFM), for negligent entrustment.[1] Garvin additionally claimed V.M. Cleveland was guilty of negligent training/instruction. The circuit court granted summary judgment on the claims of negligent entrustment and negligent training/instruction in favor of the Clevelands and TFM. Garvin filed this interlocutory appeal.

FACTS AND PROCEDURAL HISTORY

¶ 2. On December 5, 2007, fifteen-year-old Miller and sixteen-year-old Garvin were traveling on a two-lane road in Pon-totoc County, Mississippi, when their vehicle collided with two horses that had escaped from a nearby property and were standing in the middle of the road. Garvin sued Miller in the Circuit Court of Ponto-toc County, Mississippi, alleging negligent operation of the vehicle. Garvin asserted claims of negligent entrustment against Miller’s mother and stepfather, Melanie and V.M. Cleveland, and Tupelo Furniture Market, Inc,[2] and a claim of negligent *199 training/instruction against V.M. Cleveland. Garvin further asserted that Melanie and V.M. Cleveland were liable for Miller’s negligence because they had signed Miller’s driver’s license application.[3]
¶ 3. The Clevelands and TFM filed a motion for summary judgment. In addition to the pleadings, before the trial court for consideration were the depositions of Miller, Garvin, Melanie and V.M. Cleveland, and the affidavits of several others, inter alia. The trial court granted summary judgment as to the claims of negligent entrustment and negligent training/instruction against the Clevelands and TFM.[4] Garvin filed this interlocutory appeal. Further facts will be discussed as they are pertinent to specific issues.

ISSUES

¶ 4. On interlocutory appeal, Garvin raises the following issues, restated as follows:
I. Whether the trial court erred in granting summary judgment as to Garvin’s claims of negligent en-trustment against Melanie Cleveland, V.M. Cleveland, and Tupelo Furniture Market, Inc.
II. Whether the trial court erred in granting summary judgment as to Garvin’s claim of negligent training/instruction against V.M. Cleveland.

STANDARD OF REVIEW

¶ 5. This Court reviews a trial court’s grant of summary judgment de novo. Eli Inv., LLC v. Silver Slipper Casino Venture, LLC, 118 So.3d 151, 154 (Miss.2013) (citing Davis v. Hoss, 869 So.2d 397, 401 (Miss.2004)). Summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Miss. R. Civ. P. 56(c). “The evidence must be viewed in the light most favorable to the party opposing the motion.” Eli Inv., LLC, 118 So.3d at 154 (citing Davis, 869 So.2d at 401).

ANALYSIS

I. Whether the trial court erred in granting summary judgment as to plaintiffs claims of negligent en-trustment against Melanie Cleveland, V.M. Cleveland, and Tupelo Furniture Market, Inc.
¶ 6. Mississippi has adopted the following definition of the doctrine of negligent entrustment:
One who supplies directly or through a third person a chattel for use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.
Sligh v. First Nat’l Bank of Holmes County, 735 So.2d 963, 969 (Miss.1999) (quoting *200 Restatement (Second) of Torts § 390). “The paramount requirement for liability under the theory of negligent entrustment is whether or not [the] defendant had a right to control the vehicle.” Id. (quoting Broadwater v. Dorsey, 344 Md. 548, 688 A.2d 436, 442 (1997)).

Melanie Cleveland

¶ 7. The trial court found (and the defendants concede) that “Melanie had control over Miller’s use of the vehicle.” Since her “right to control the vehicle” is undisputed, the only determination is whether any issue of material fact exists that Melanie negligently entrusted the vehicle to Miller.
¶ 8. Miller was fifteen years old at the time of the accident. See Robison v. Enterprise Leasing Co.—South Central, Inc., 57 So.3d 1, 5 (Miss.Ct.App.2010) (“A claim of negligent entrustment cannot be sustained on ... age ... alone.”). Miller was operating the vehicle under a valid driver’s license.[5] Although Miller admitted in her deposition that she had once driven the vehicle around 100 miles per hour, she had no previous history of accidents and had only one previous speeding violation that was not reported. See id. (“[Plaintiffs] have [not] shown that it could be found negligent to entrust an automobile to an eighteen-year-old who had recently been in an automobile accident and had previously received a few tickets.”).
¶ 9. As Miller’s prior driving history forms an inadequate basis to sustain liability under a claim of negligent entrustment, Garvin cites a list of conduct, admitted by Miller in her deposition, which Melanie knew or should have known rendered Mil-ter incompetent to operate the vehicle. Although tacitly related to her operation of the vehicle, Garvin argues, inter alia, that Milter consumed alcohol and smoked marijuana on several prior occasions, that there was a bottle of vodka in the car at the time of the accident, and that Milter was undergoing counseling.
¶ 10. Mississippi caselaw has allowed claims of negligent entrustment based on conduct separate and apart from the negligent driver’s prior driving history. In Dixie Drive It Yourself System Jackson Co., Inc. v. Matthews, 212 Miss. 190, 54 So.2d 263, 267 (1951), the Court affirmed a plaintiffs verdict for negligent entrustment where evidence was presented that the defendant car rental company “knew or should have known” that the negligent operator “was under the influence of liquor” when it rented the car to him. In F.B. Walker & Sons, Inc. v. Rose, 223 Miss. 494, 78 So.2d 592, 595 (1955), the Court affirmed a jury’s finding that the defendant negligently had entrusted a vehicle to his close friend who was “admittedly a narcotic addict and had been committed ... for treatment....” In Savage v. LaGrange, 815 So.2d 485, 489 (Miss.Ct. App.2002), the Court of Appeals upheld a jury’s finding that a father was negligent in entrusting his vehicle to his adult son who “had a history of hospitalizations for substance abuse, had a number of prior convictions for alcohol-related offenses, and ... his driver’s license was suspended at the time of the accident.” However, in all of the aforementioned cases, there was evidence that the negligent operator of the vehicle was under the influence of alcohol or drugs at the time of the accident.[6] *201 Thus, the conduct of which the supplier of the vehicle was or should have been aware had a direct correlation to the cause of the accident.
¶ 11. Such is not the case here. It is undisputed that Miller was not under the influence of alcohol or drugs (prescription or illegal) at the time of the accident. Miller testified in her deposition that she had not consumed alcohol on the day of the accident. The defendants submitted an affidavit of the responding officer attesting that Miller “exhibited no signs that she was under the influence of alcohol or any other substance that may impair her abilities.” The defendants also submitted the affidavit of John Hampton Hughes, who attested that he had been with Miller and Garvin in the hours prior to the accident, and that Miller had consumed no alcohol. Miller’s testimony and supporting affidavits were not contradicted. Moreover, Garvin testified in her deposition that she had not seen Miller consume any alcohol, nor did Miller exhibit any signs that she had consumed alcohol or any other substances prior to the accident.
¶ 12. No issue of material fact exists that alcohol or other substances contributed to accident. Therefore, the plaintiffs reliance on Miller’s past alcohol and marijuana consumption is irrelevant to whether Melanie was negligent in entrusting the vehicle to her. Such conduct could be a basis for liability only if it was a proximate cause of the accident. See Davis v. Seymour, 868 So.2d 1061, 1064 (Miss.Ct.App. 2004) (“[Njegligent entrustment can only arise as a viable claim if Ziegler knew or should have known at the time he allowed Seymour to drive his vehicle that doing so involved an unreasonable risk of harm.”) (emphasis added).

TFM & V.M. Cleveland

¶ 13. The trial court found that neither TFM nor V.M. Cleveland had a right to control the vehicle. Although “control” is typically the threshold consideration when reviewing a claim of negligent entrustment, it is unnecessary for us to make such a determination in this case. Based on the analysis supra, no issue of material fact exists as to whether the entrustment of the vehicle (by any defendant) was negligent under the circumstances. Therefore, TFM’s and V.M. Cleveland’s right of control is moot, for a party cannot be liable for negligent entrustment only because he or she had the right to control the vehicle. The trial court properly granted summary judgment to TFM and V.M. Cleveland on this claim.
II. Whether the trial court erred in granting summary judgment as to Plaintiffs claim of negligent training/instruction against V.M. Cleveland.
¶ 14. V.M. Cleveland testified in his deposition that he had driven with Miller on several occasions and had provided her with some instruction as to proper operation of a vehicle. Garvin argues that V.M. assumed a duty when he voluntarily undertook to instruct Miller. Garvin further argues that V.M. breached his assumed duty because he failed to instruct Miller “with respect to driving at night at a safe speed and being able to stop within range of the ear’s headlights.”
¶ 15. Garvin argues an “assumed duty” for good reason — she can cite no support *202 for a claim that V.M. had a duty to teach Miller to drive. Garvin also fails to cite any authority for the proposition that one assumes a duty by voluntarily undertaking to provide instruction to a youthful driver. Miller held a valid driver’s license issued by the State. In other words, the State had determined that Miller was competent to operate a vehicle on its roads.
¶ 16. Assuming arguendo that V.M. could assume a duty to teach Miller how to drive, it must be shown that “the plaintiff detrimentally relied on the defendant’s undertaking.” Wagner v. The Mattiace Co., 938 So.2d 879, 885 (Miss.Ct.App.2006) (citing Coleman v. Louisville Pants Corp., 691 F.2d 762 (5th Cir.1982)). There is no evidence that Garvin relied on V.M. to instruct his stepdaughter how to drive. According to Garvin’s deposition, she had ridden with Miller on multiple occasions and felt reasonably safe in the car with her.
¶ 17. The trial court properly granted summary judgment on this issue. The law imposed no duty on V.M. to instruct Miller, and it can hardly be argued that he assumed a duty (upon which Garvin relied) when he provided general instruction to Miller on the operation of a vehicle.

CONCLUSION

¶ 18. Based on this analysis, the trial court properly granted summary judgment as to the claims of negligent entrustment against the Clevelands and TFM, and the claim of negligent training/instruction against V.M. Cleveland. Viewing the evidence in the light most favorable to Gar-vin, no issue of material fact exists that any of the defendants was negligent in entrusting the vehicle to Miller, nor was V.M. negligent in failing to instruct Miller properly on the operation of the vehicle.
¶ 19. AFFIRMED.
WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, PIERCE AND KING, JJ., CONCUR. CHANDLER AND COLEMAN, JJ., NOT PARTICIPATING.

. Garvin also named Miller’s father, John Miller, as a defendant. According to the appel-lee’s brief, John Miller was dismissed from the suit by agreed order.

. The vehicle driven by Miller was titled in TFM. V.M. Cleveland was the president of TFM.

. Mississippi Code Section 63-1-25 provides, in pertinent part, "any negligence or wilful misconduct of a minor under the age of seventeen years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license....” Miss.Code Ann. § 63-1-25 (Rev.2013).

. As noted by the trial court in its order, summary judgment in favor of Melanie did "not negate or effect [sic] any liability imputed to [her] under Mississippi] Code Section 63-1-25.” The record reveals that only Melanie signed Miller’s license application.

. The only restriction on Miller’s license was a requirement that she have an adult in the vehicle with her after ten p.m. The accident occurred around seven p.m.; therefore, Miller was operating the vehicle within the parameters of her license restriction at the time of the accident.

. See Matthews, 54 So.2d at 267 (‘‘[W]ithin a period of two hours before Shivers called for *201 the car he had had two drinks of liquor ..."); Rose, 78 So.2d at 595 (“On the day of and at the time of the collision between the two vehicles Brumfield was under the influence of narcotics to such extent that he was wholly incapable of safely operating the truck.’’); Savage, 815 So.2d at 488 (“The evidence showed that Savage was, in all likelihood, intoxicated at the time of the accident.”)