BARNES, J.,
 

 for the Court.
 

 ¶ 1. Loretta Milyanovich appeals the judgment of the Jackson County Circuit Court which granted Douglas E. Feeley’s motion to dismiss for insufficient service of process. Milyanovich filed suit against Feeley and Karlon J. Eckert for injuries she allegedly sustained in a motor-vehicle accident that occurred on March 2, 2004, in Jackson County, Mississippi. On appeal, Milyanovich argues that the circuit court erred in granting Feeley’s motion to dismiss and that the circuit court erred in denying Milyanovich’s motion to reconsider the order granting the motion to dismiss. Lacking proper appellate jurisdiction, we dismiss this appeal.
 

 STATEMENT OF THE FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On March 2, 2004, Milyanovich was traveling northbound in her vehicle on Highway 613 in Moss Point, Jackson County, Mississippi. Feeley was traveling in his vehicle southbound on Highway 613. Eckert was traveling in his vehicle west
 
 *530
 
 bound on Rosa Street, which intersected Highway 613. Eckert failed to yield when crossing the southbound lane of traffic resulting in a collision with Feeley, which pushed Eckert’s vehicle into the path of Milyanovich’s vehicle on the northbound side of Highway 613. Milyanovich’s' vehicle came to rest in the southbound turning lane. At the time of the collision, Feeley told the police that he was chasing a suspected shoplifter from his workplace, which was located along Highway 613. His estimated speed at the time of the accident was sixty miles per hour. At the time of the accident, Feeley was seventeen years old and was driving a 1985 Mercury Grand Marquis, which was owned by him with the registration address listed as 2056 Bass Drive, Vancleave, Mississippi 39565. Feeley presented the police officer at the scene of the accident with a valid Mississippi driver’s license indicating his date of birth and his home address of 2056 Bass Drive, Vancleave, Mississippi 39565.
 

 ¶ 3. On February 28, 2007, Milyanovich timely filed her complaint against Feeley and Eckert in the Circuit Court of Jackson County alleging negligence as the proximate cause of the injuries she sustained in the motor-vehicle accident. On March 1, 2007, summonses were issued by the circuit clerk for both defendants, Feeley and Eckert. The summons for Feeley listed his home address as 2056 Bass Drive, Van-cleave, Mississippi 39565. Upon issuance, Milyanovich attempted to serve process on both Feeley and Eckert within the 120 days allotted by Mississippi Rule of Civil Procedure 4(h). On April 16, 2007, and within the allotted 120 days, Milyanovich, through E.F. McKenna, Jr., a private process server, attempted to serve Feeley with process at 2056 Bass Drive, Van-cleave, Mississippi 39565. Feeley was not present at that time; so the process server attempted to effect substitute service of process on Feeley by serving Feeley’s father, Thomas Feeley (Thomas).
 
 [1]
 
 Copies of the summons and complaint were then placed in the mail by the process server to Feeley at the Bass Drive address. At the time of the alleged substitute service of process, it is undisputed that Feeley was only twenty years old.
 

 ¶ 4. Unable to effect service on Eckert and believing that service had been effected on Feeley, Milyanovich filed a motion for extension of time to serve process on Eckert on June 14, 2007, which the trial court granted.
 

 ¶ 5. From the date of the alleged substitute service of process on Feeley’s father, Feeley’s response would have been due on May 16, 2007. No responsive pleading was filed on Feeley’s behalf until August 10, 2007, at which point he filed a motion to dismiss pursuant to Rules 4(h) and 12(b)(4) and (5) of the Mississippi Rules of Civil Procedure proposing dismissal based on insufficient process and insufficient service of process. Feeley supports this proposition through his own affidavit dated August 10, 2007, which indicates that while his parents live at the Bass Drive address, he had not lived there since moving to Louisiana at age sixteen
 
 *531
 
 (save for the first few months of 2005); he was under the age of twenty-one on April 16, 2007; and he has never been served with any process or pleadings in the case styled
 
 Milyanovich v. Feeley and Eckert.
 
 In response to Feeley’s motion to dismiss, Milyanovich filed an Opposition to Defendant’s Motion to Dismiss or, in the Alternative, Motion to Extend Service Deadline and Motion for Sanctions and Supplement in Support of Same. Milyanovich’s Opposition and Supplement in Support claims that substitute service of process was made properly on Feeley’s father and on Feeley via the United States Postal Service at the address listed on his driver’s license and on the police report. She further claims that Feeley’s right to claim insufficiency of process under Mississippi Rule Civil Procedure 12(h) should be deemed waived due to his untimeliness in raising the issue. Milyanovich also asserts that because Feeley and his father were dishonest regarding Feeley’s proper address, Milyanovich has shown good cause for allowing additional time to cure any defects in the original attempt to serve Feeley. Feeley’s reply brief argues that the alleged substitute service of process on him was fundamentally flawed because he was a minor at all pertinent times during the pendency of the litigation, and he was never served as a minor as required by Mississippi Rule of Civil Procedure 4(d)(2)(A).
 
 [2]
 

 ¶ 6. After hearing the fully briefed motion to dismiss, the circuit court found in favor of Feeley and dismissed him as a defendant without prejudice. Milyanovich then filed a Rule 59 Motion to Reconsider Order Granting Motion to Dismiss and Judgment Thereon.
 
 [3]
 
 After a hearing on the fully briefed Rule 59 motion, the circuit court entered a judgment denying Milya-novich’s Rule 59 motion. Milyanovich then filed a notice of appeal.
 

 DISCUSSION
 

 ¶ 7. While the parties have not raised an issue as to whether the circuit court’s judgment is appealable, we must address this question “on our own initiative.”
 
 Williams v. Delta Reg’l Med. Ctr.,
 
 740 So.2d 284, 285(¶ 5) (Miss.1999) (citing
 
 Cox v. Howard, Weil, Labouisse, Fried-richs, Inc.,
 
 512 So.2d 897, 899 (Miss.1987) (sua sponte dismissing appeal for improper Rule 54(b) certification)). “Generally, only final judgments are appealable.”
 
 M.W.F. v. D.D.F.,
 
 926 So.2d 897, 899(¶4) (Miss. 2006).
 

 ¶ 8. In order to determine if a judgment or order is appealable, we must look at Rule 54(b) of the Mississippi Rules of Civil Procedure which states that:
 

 Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an expressed direction for the entry of judgment. In the absence of such determination and direction, any order
 
 *532
 
 or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of the parties.
 

 The comment to this rule explains that:
 

 The rule does not require that a judgment be entered when the court disposes of one or more claims or terminates the action as to one or more parties. Rather, it gives the court discretion to enter a final judgment in these circumstances and it provides much needed certainty in determining when a final and appealable judgment has been entered. If the court chooses to enter such a final order, it must do so in a definite, unmistakable manner.
 

 M.R.C.P. 54(b) cmt. The Mississippi Supreme Court has stated that “[wjithout the entry of a Rule 54(b) certificate, a trial court order[,] which disposes of less than all of the claims against all of the parties in a multiple party or multiple claim action, is interlocutory.”
 
 M.W.F.,
 
 926 So.2d at 900(¶ 4) (quoting
 
 Owens v. Nasco Int’l, Inc.,
 
 744 So.2d 772, 774 (Miss.1999)).
 

 ¶ 9. Here, Milyanovich filed her claim against multiple defendants, namely Feeley and Eckert. When the circuit court dismissed Feeley from the action, its order of dismissal did not entirely terminate the action, thereby leaving Milyano-vieh’s claims against Eckert non-adjudieat-ed and pending at the trial level. On its face, the order is not certified as a final judgment in accordance with Rule 54(b) of the Mississippi Rules of Civil Procedure. Accordingly, the order is interlocutory and not appealable.
 

 CONCLUSION
 

 ¶ 10. The circuit court’s order dismissing Feeley was not certified pursuant to Rule 54(b) and was, thereby, not a final judgment for the entire action. Accordingly, this order is interlocutory and not appealable; therefore, we dismiss this appeal for lack of jurisdiction.
 

 ¶ 11. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . There is conflict surrounding Thomas’s actions regarding this attempt at service. McKenna's affidavit dated October 17, 2007, states that Thomas indicated to McKenna that his son, Feeley, did reside at the 2056 Bass Drive residence; he was merely out of town for the week; and he (the father) would present the summons and complaint to his son, Feeley, promptly upon his return home. According to Thomas's affidavit dated August 9, 2007, Thomas refused to accept sendee on behalf of his son, warned the process server that his son did not live at the Bass Drive address, and indicated that he would not forward the summons and complaint to his son if the documents were left in his possession. The process server left the documents in his possession anyway.
 

 [2]
 

 . The Mississippi Rules of Civil Procedure require that, "for unmarried minors over the age of twelve, process must be served upon both the minor and the parent.”
 
 Davis v. Seymour,
 
 868 So.2d 1061, 1063(¶ 7) (Miss.Ct. App.2004) (citing M.R.C.P. 4(d)(2)(A)). "A minor cannot waive process required by law, and the Court has no jurisdiction of the person until process has been served upon the minor and his parents, or persons standing in
 
 loco parentis." In Interest of Edwards,
 
 298 So.2d 703, 704 (Miss. 1974).
 

 [3]
 

 . Mississippi Rule of Civil Procedure 59.