ROBERTS, J.,
for the Court:
¶ 1. At issue in this appeal is the distribution of $5,000 previously held in a trust account pending a determination by the Lamar County Chancery Court as to whether Emmett L. Graves and Patricia Wandler should receive the funds over their brother, David Graves. The chancery court entered its judgment on October 14, 2011, awarding $4,000 of the $5,000 to Emmett and Patricia. The remaining $1,000 was held for the chancery court to later allocate after review of Emmett and Patricia’s detailed summary of the restoration costs of a home belonging to the estate of William Lavell Graves, their father. David executed the current appeal on November 7, 2011. Finding that this Court lacks the proper jurisdiction, we must dismiss David’s appeal.
FACTS AND PROCEDURAL HISTORY
¶ 2. Prior to William’s death, David and his wife moved into William’s home to care for him. David was also named William’s conservator in May 2008. Upon William’s death in February 2010, David was then named administrator of the estate. William died intestate, leaving his three children — David, Emmett, and Patricia — as heirs. David and his wife continued living in William’s home after his death. Displeased with David’s handling of their father’s estate, Emmett and Patricia filed an objection to the inventory David filed on behalf of the estate. In an order filed October 18, 2010, the chancery court granted their petition. The order stated that an inventory prepared by Patricia was accepted to be the true and correct inventory and that David was ordered to provide the chancery court with an amended inventory and accounting within sixty days. Further, the administration of William’s estate was suspended.
¶ 3. Still displeased with David’s administration of the estate, on January 10, 2011, Emmett and Patricia petitioned for the removal of David as the conservator and administrator of William’s estate; the removal of David and his wife from the home belonging to the estate; and the imposition of sanctions and attorneys’ fees. David filed the amended inventory the chancery court requested on March 1, 2011. He also filed his response to Emmett and Patricia’s petition for removal, denying their allegations. David also filed a complaint to set aside warranty deeds and recover real property and funds he claimed were given to Emmett and Patricia at a time when them parents were incompetent to make these conveyances and transfers. Emmett and Patricia filed their answer on May 31, 2011, denying David’s allegations, and filed a cross-complaint objecting to the amended inventory David had filed.
¶ 4. Ultimately, the parties resolved these disputes, and an agreed order was filed on June 14, 2011, closing the conser-vatorship and estate, distributing estate assets, and discharging David as the conservator and administrator of the estate. The parties agreed that Emmett and Patricia would pay David $45,000 in exchange for his interest in the personal and real property of the estate. David would execute a quitclaim deed giving all his interest in the home and 2.7 acres of surrounding property to Emmett and Patricia. Upon execution of the agreed order and completion of its terms, all claims, counterclaims, complaints, objections and issues in cause numbers 2008-0056-PR-TH and 2010-0032-PR-TH would be withdrawn or dismissed.
*781 ¶ 5. On August 2, 2011, David filed a motion to compel settlement and a refund of his conservator’s bond.[1] He claimed that the agreed order entitled him to $45,000, but that a verbal agreement between the parties’ attorneys withheld $5,000 of the total, due to allegations he did not fulfill his duty outlined in the agreed order. The parties’ attorneys agreed that David would receive $40,000 of the $45,000 settlement, but that Emmett and Patricia’s attorney would retain the remaining $5,000 in his trust account, pending a determination of any damage and destruction to the property after David vacated the home and Emmett and Patricia had the opportunity to inspect it. Several days later, Emmett and Patricia filed their response, alleging that David had left the home and property in utter disrepair and destruction; thus, the $5,000 withheld was necessary to repair the home. In response, David reiterated that he had complied with all his duties based upon the agreed order and that Emmett and Patricia were barred from raising new claims regarding the estate or relitigating old claims.
¶ 6. Following a hearing in the chancery court on September 20, 2011, the chancery court filed a judgment awarding $4,000 of the $5,000 to Emmett and Patricia. It also ordered that they file a report and summary of their labor, materials, and expenses incurred while restoring the home and property. The chancery court then stated that “[u]pon review thereof, the [chancery] court will determine the allocation of the additional amount of $1,000 on deposit in said trust account.” Emmett and Patricia filed their summary and report of expenses on October 31, 2011. The record does not provide evidence that the chancery court has determined which party would receive the $1,000 funds. David executed the current appeal on November 7, 2011, raising the following two issues:
I. The [chancery] court violated [David’s Constitutional rights to due. process and access to the courts by refusing him the opportunity to be heard [at the September 20, 2011 hearing].
II. The [chancery] court erred by taking $4,000 of [David’s] estate interest to be used for home repairs, as the condition of the home was considered when the parties negotiated the settlement and agreed judgment.
¶ 7. On January 26, 2012, Emmett and Patricia filed a motion with the Mississippi Supreme Court to stay, abate, and remand the appeal because no final judgment existed, as further proceedings in the chancery court were pending at the time the appeal was perfected. By order filed February 9, 2012, the supreme court denied the motion.
ANALYSIS
¶ 8. In the present case, we find that this appeal is not properly before this Court and should be dismissed. While the parties do not raise concerns about this Court’s jurisdiction in their briefs, we must address this question of jurisdiction “on our own initiative.” Milyanovich v. Feeley, 10 So.3d 529, 531 (¶ 7) (Miss.Ct.App.2009) (quoting Williams v. Delta Reg’l Med. Ctr., 740 So.2d 284, 285 (¶ 5) (Miss.1999)).
¶ 9. “Generally, only final judgments are appealable.” Id. (quoting M.W.F. v. D.D.F., 926 So.2d 897, 899 (¶ 4) (Miss.2006)). Mississippi Rule of Civil Procedure 54(b) provides:
*782 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
The supreme court has stated that “[without the entry of a Rule 54(b) certificate, a trial court order ... [that] disposes of less than all of the claims against all of the parties in a multiple party or multiple claim action, is interlocutory.” Milyanovich, 10 So.3d at 532 (¶ 8) (quoting M.W.F., 926 So.2d at 900 (¶4)) (emphasis added).
¶ 10. In the present case, the record does not contain a Rule 54(b) certification from the chancery court. Further, it is clear that the allocation of the $1,000 in the trust account to the appropriate party is still pending in the chancery court. As such, the chancery court had not disposed of all the claims when David perfected his appeal, thereby making the current appeal an interlocutory one.
¶ 11. We dismiss this appeal for lack of jurisdiction.
¶ 12. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND JAMES, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.

. By order dated September* 26, 2011, David was refunded his conservator's bond of $500.